UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORNELL SQUIRES,

Plaintiff,

v.

CASE NO. 2:10-CV-14194-DT
JUDGE NANCY G. EDMUNDS
MAGISTRATE JUDGE PAUL KOMIVES

CITY OF DETROIT, a Michigan Municipal Corporation, DAVE BING, Individual and as Mayor-City of Detroit, GAIL OXENDINE, Individually and as Director CITY OF DETROIT HUMAN RESOURCES DEPARTMENT, a Municipal Agency of the City of Detroit,

Defendants.
_______________________________________/

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS (docket #7**

I. RECOMMENDATION: The Court should conclude that plaintiff's claims are barred by the statute of limitations. Accordingly, the Court should grant defendants' motion to dismiss.

II. REPORT:

A. *Procedural Background*

This case is the latest in a series of cases filed by plaintiff Cornell Squires against the City of Detroit and various city officials, all stemming from his employment and eventual termination by the City as a paramedic working for the Detroit Fire Department. In 1993, plaintiff filed suit against the Detroit Fire Department, alleging discrimination claims under Title VII of the Civil Rights Act. That case was dismissed based on plaintiff's failure to file his complaint within 90 days of receipt of his right-to-sue letter from the Equal Employment Opportunity Commission (EEOC).

In 1996, plaintiff filed a civil rights complaint in the Wayne County Circuit Court, which was subsequently removed to this Court. This complaint asserted claims under the First and Fourteenth Amendments, 42 U.S.C. § 1983, and various Michigan laws and constitutional provisions. On July 21, 1997, the Court granted summary judgment to the defendants, concluding that plaintiff's claims could have been brought in his earlier Title VII action and thus were barred by res judicata. *See Squires v. City of Detroit*, No. 96-71989 (E.D. Mich. July 21, 1997). The Sixth Circuit affirmed this decision on appeal. *See Squires v. City of Detroit*, No. 97-1895, 1998 WL 669943 (6th Cir. Sept. 17, 1998). On September 21, 2000, plaintiff filed another complaint in this Court naming as defendants the City of Detroit and various city officials, and asserting claims under the Americans with Disabilities Act (ADA), Age Discrimination in Employment Act (ADEA), the Employee Retirement Income Security Act (ERISA), Title VII, and § 1983. I filed a Report recommending that the district court bypass the defendants' res judicata argument and grant summary judgment to the defendants on the merits. The Court adopted this Report and entered judgment in favor of the defendants. *See Squires v. City of Detroit*, No. 00-cv-74228 (E.D. Mich. Aug. 28, 2001). Again, the Sixth Circuit affirmed this Court's decision. *See Squires v. City of Detroit*, 33 Fed. Appx. 789 (6th Cir. 2005). Finally, plaintiff brought an action in the Wayne County Circuit Court against the City and various city officials asserting state law claims under the Municipal Employees Retirement Act, Fire Fighters and Police Officers Retirement Act, the Michigan Constitution, the Detroit City Code, and the Michigan Employee Relations Act. The trial court granted summary disposition to the defendants on res judicata grounds, and the Michigan Court of Appeals affirmed. *See Squires v. City of Detroit*, No. 240762, 2003 WL 22495601 (Mich. Ct. App. Nov. 4, 2003).

The instant action was commenced by plaintiff on October 19, 2010, by the filing of a *pro*

*se* complaint naming as defendants the City of Detroit, current Mayor Dave Bing, and current Director of the City's Human Resources Department Gail Oxendine. Plaintiff asserts claims under the ADA, as well as Fourteenth Amendment due process and equal protection claims pursuant to § 1983. On January 28, 2011, defendants filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6).[1] Defendants contend that plaintiff's current claims are barred both by res judicata and by the statute of limitations. Plaintiff filed two responses to defendants' motion, both on April 11, 2011. Defendants filed a reply on April 21, 2011.

B. *Legal Standard*

Rule 12(b)(6) provides that a party may, by way of motion instead of responsive pleading, assert as a defense that the complaint "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Such a motion "must be made before pleading if a responsive pleading is allowed." FED. R. CIV. P. 12(b). Rule 12 further provides, however, that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). Although presented later in the case, a motion for judgment on the pleadings is equivalent to a motion to dismiss and is governed by the same legal standard. *See Johnson v. Dodson Public Schs., Dist. No. 2-A(C)*, 463 F. Supp. 2d 1151, 1155 (D. Mont. 2006); *Ganthier v. North Shore-Long Island Jewish Health Sys.*, 298 F. Supp. 2d 342, 346 (E.D.N.Y. 2004); *cf. Johnson v. Bredesen*, 624 F.3d 742, 746 (6th Cir. 2010).

In order for a court to dismiss a complaint for failure to state a claim, it must appear beyond

---

[1]Defendants' motion is styled as a "Motion for Summary Judgment." However, the motion and brief reference only Rule 12(b)(6), and the motion seeks dismissal based on plaintiff's failure to state a claim. The title of defendants' motion likely reflects the practice of Michigan state courts, which designate both a motion seeking dismissal for failure to state a claim and a motion seeking judgment based on the absence of a genuine issue of material fact as a "motion for summary disposition."

doubt that the party asserting the claim can prove no set of facts supporting his claim that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The party asserting the claim is not required to specifically set out the facts upon which he or she bases his claim. *Id*. at 47. Rather, "a short and plain statement of the claim" pursuant to FED. R. CIV. P. 8(a)(2) gives the opposing party fair notice of the claim and the grounds upon which it rests. *See Conley*, 355 U.S. at 47. However, as the Supreme Court has recently explained, bare legal conclusions need not be accepted by the Court, and a pleading must contain sufficient factual allegations to show that the allegations are plausible:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v.*] *Twombly* , 550 U.S. 544 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*., at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*., at 557 (brackets omitted).
>
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff

> armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*., at 556. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (parallel citations omitted).

A court can only decide a Rule 12(b)(6) motion on the basis of the pleadings; if the court considers matters outside the pleadings, the court must convert the motion into one for summary judgment under Rule 56. *See Kostrzewa v. City of Troy*, 247 F.3d 633, 643-44 (6th Cir. 2001); *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997); FED. R. CIV. P. 12(d). However, pursuant to FED. R. EVID. 201 (court may take judicial notice of any fact "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."), the Court may take judicial notice of its own records. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (court may take judicial notice of court order for purpose of recognizing "judicial act" which the order represents); *St. Louis Baptist Temple, Inc. v. Federal Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it."); *Isaac v. Jones*, 529 F. Supp. 175, 179 n.2 (N.D. Ill. 1981). And a court may consider public records and facts susceptible to judicial notice without converting a motion to dismiss into one for summary judgment. *See Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004); *New England Health Care*

*Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003); *Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998).

C. *Analysis*

Defendants contend both that plaintiff's claims are barred by res judicata, and that they are barred by the statute of limitations. In responding to defendants' res judicata argument, plaintiff argues that his claims cannot be barred by the 2000 lawsuit he filed because his claims did not accrue until 2002. He argues that he has been denied his non-duty vested pension, which was granted on January 16, 2002, and thus his claims did not accrue until this time, after the earlier litigation had been terminated. Plaintiff's argument, however, forecloses relief on his claims because it demonstrates that the claims are barred by the statute of limitations.

For purposes of claims brought under 42 U.S.C. § 1983, state statutes of limitations apply to determine the timeliness of such claims. *See Wilson v. Garcia*, 471 U.S. 268-69 (1985). The same is true of state provisions tolling statutes of limitations. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). As the Supreme Court has directed, the federal courts should apply the single most analogous state personal injury statute of limitations to § 1983 claims. *See Wilson*, 471 U.S. at 276. The Supreme Court has rejected a claim-by-claim approach to limitations periods under § 1983. Rather, the Court has interpreted the borrowing principle enacted by Congress "as a directive to select, in each State, the one most appropriate statute of limitations for all § 1983 claims." *Wilson*, 471 U.S. at 275. And, the Court continued, the most analogous limitations period for § 1983 claims is the state limitations period governing personal injury actions. *See id.* at 278-80. "Thus, federal courts must apply the state statute of limitations for personal injury claims in *all* § 1983 cases." *Southerland v. Hardaway Mgmt. Co., Inc.*, 41 F.3d 250, 253 (6th Cir.

1994) (emphasis added). In Michigan, that period is three years. *See* MICH. COMP. LAWS § 600.5805(10). *See generally*, *Hardin*, 490 U.S. at 540 ("It is undisputed that the limitations period applicable to this case is three years, as established in Michigan's statute governing personal injury actions."). The ADA likewise does not contain a limitations provision, and thus the same state law personal injury limitations period applies. *See Mozier v. Kentucky*, 675 F. Supp. 2d 693, 697-98 (E.D. Ky. 2009).[2] Although statutes of limitations and tolling principles are governed by state law, the question of when civil rights claims accrue remains one of federal law. *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1107 (6th Cir. 1995); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Generally, a civil rights cause of action accrues for statute of limitations purposes when the plaintiff knows or has reason to know of the injury that is the basis of his action. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991); *Sevier*, 742 F.2d at 273. "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Sevier*, 742 F.2d at 273.

Here, by plaintiff's own admission his claims accrued in January of 2002, when he was granted non-duty pension benefits but, apparently, not paid any.[3] Plaintiff's only attempt to

---

[2]Actually, plaintiff's ADA claims are employment related, and thus subject to the shorter time periods governing administrative exhaustion set forth in Title VII. These provisions required plaintiff to file his EEOC charge within 180 days of the alleged discriminatory action. *See Gupta v. Northrop Grumman Corp.*, 462 F. Supp. 2d 56, 58 (D.D.C. 2006). Here, plaintiff filed his EEOC charge in 2010, well beyond the 180 day period. Because it does not affect the analysis, and because the same limitations period applies to plaintiff's ADA and § 1983 claims, I will assume that plaintiff would be entitled to a three year limitation period with respect to his ADA claims.

[3]The precise nature of plaintiff's claim is unclear. It appears that plaintiff is alleging that he has never been paid any of his non-duty pension benefits. It may be the case, however, that plaintiff is claiming that he was entitled to something different than non-duty pension benefits, such as duty-related pension benefits. In either event, plaintiff knew of his injury in early 2002, when the decisions regarding his pension were made.

overcome this conclusion is his assertion that defendants have continued to violate the ADA with respect to his pension through the filing of his lawsuit. However, plaintiff does not allege any new discriminatory acts; rather, he merely alleges continuing consequences of discrete discriminatory acts the limitations period for which has long since expired. Such continuing consequences do not establish a "continuing violation" rendering his claims timely. *See Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 550 U.S. 618, 624-26 (2007); *Florida v. Long*, 487 U.S. 223, 239 (1988) ("It is not correct to consider payments of benefits based on a retirement that has already occurred as a sort of continuing violation.").[4] Indeed, plaintiff's continuing violation allegation states that defendants have engaged in a "continuing violation to deprive plaintiff[] of reasonable accommodations and employment rights," Compl., ¶ 18, referring back to the employment decisions made in 1993 and 1994. In light of the allegations of the complaint and plaintiff's arguments against dismissal, it is clear that plaintiff's claims are barred by the statute of limitations.

D. *Conclusion*

In view of the foregoing, the Court should conclude that plaintiff's claims are barred by the statute of limitations. Accordingly, the Court should grant defendants' motion to dismiss.

III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

---

[4]Congress responded to the *Ledbetter* decision by enacting the Lilly Ledbetter Fair Pay Act. *See* Pub. L. No. 111-2, 123 Stat. 5 (2009). The Act, in relevant part, provides that each act of compensation affected by a prior discriminatory decision constitutes a separate, actionable act of discrimination. *See id.*, § 2 (codified at 42 U.S.C. § 2000e-5(e). By its terms, however, the Act applies only to wage and salary compensation. *See Leach v. Baylor College of Medicine*, No. H-07-0921, 2009 WL 385450, at *17 (S.D. Tex. Feb. 17, 2009). It has no application to plaintiff's pension related claims. *See Tomlinson v. El Paso Corp.*, No. 04-cv-02686, 2009 WL 2766718, at *3 (D. Colo. Aug. 28, 2009) (relying on the *Long* Court's rejection of the continuing violation doctrine with respect to pension payments and legislative history indicating that the Fair Pay Act was not "intended to change current law treatment of when pension distributions are considered paid."). Thus, the Fair Pay Act it not applicable here.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated:5/10/11

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on May 10, 2011.

s/Eddrey Butts
Case Manager